UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RICARDO ORDONEZ *et al*, | § | |
| Plaintiffs, | § | |
| | § | |
| -vs- | § | Civil No. EP-03-CA-309(KC) |
| | § | |
| THE CITY OF EL PASO, TEXAS *et al*, | § | |
| Defendants. | § | |

## ORDER

Pending before this Court are plaintiffs' motion to remand or alternatively to stay proceedings on federal claims (Doc. No. 4), defendants' motion to consolidate the present case with *Jennings v. City of El Paso*, EP-03-CV-286(KC) (Doc. No. 2), plaintiffs' motion for class certification (Doc. No. 6) and plaintiffs' motion for leave to file an amended pleading (Doc. No. 18).

I. MOTION TO REMAND OR TO STAY

Plaintiff argues that the present action should be remanded to state court because the claims involved herein are based solely on the *Texas Code of Criminal Procedure* and El Paso City Ordinances.

Defendant bears the burden of showing that removal was proper and that this Court has jurisdiction over the state court suit. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). Federal question jurisdiction is determined from the allegations manifest in plaintiffs' well-pleaded complaint. *Id.* at 366. Doubts as to the existence of federal jurisdiction are to be resolved in favor of state court jurisdiction. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In defendants' notice of removal, defendants allege that

> [t]his court has supplemental jurisdiction over this matter because the removed state court petition alleges claims identical to those contained in two cases in federal court, the same defendants, and the same issues and causes of action stemming from alleged acts and omissions at the El Paso Municipal Court. Removal of this action is proper, therefore, under 28 U.S.C. §§ 1367 and 1441 because the action brought in state court involves the same case and controversy and derives from a common nucleus of operative fact.

Defendants' jurisdictional allegation misses the mark.

By its express language, supplemental jurisdiction requires that "the district courts have original jurisdiction." 28 U.S.C. § 1367(a). "Original jurisdiction, in non-maritime claims, lies where the conditions of 28 U.S.C. §§ 1331 or 1332 are satisfied." *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995). As plaintiffs' allegations are limited to violation of state law, there in no federal question jurisdiction pursuant to § 1331. There is further no indication that the parties satisfy the diversity of citizenship requirement of § 1332. As such, this Court lacks a basis for original jurisdiction over the claims involved herein.

Defendants also appear to argue that original jurisdiction over claims in a separate case may serve as a basis for supplemental jurisdiction. "Original jurisdiction *over the subject matter* is mandatory for the maintenance of *an action* in federal court." *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (emphasis added). Section 1367(a) requires that the claims over which supplemental jurisdiction is asserted be "so related to claims *in the action within such original jurisdiction.*" Defendants' reference to *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), is unavailing as the *Gibbs* holding is largely codified in § 1367, *Ruiz v. Estelle*, 161 F.3d 814, 833 n.27 (5th Cir.1998), and neither § 1367 nor *Gibbs* permit a federal court to reach beyond the pleadings and establish jurisdiction over purely state law claims based on jurisdiction over a separate case.

2

The fundamental principle governing removal is that the removal statute, 28 U.S.C. § 1441, allows a defendant to remove a state case to federal court "if the federal district court would have had original jurisdiction over the plaintiff's action," *Hufnagel v. Omega Serv. Indus.*, 182 F.3d 340, 350 (5th Cir. 1999), or, stated otherwise, if a plaintiff could have originally filed the complaint in federal court. Such is clearly not the case with the present complaint, which, on its face, is limited to violations of state law. Plaintiffs' motion to remand is granted.

As the case is ordered remanded to state court, the alternative motion to stay is denied as moot.

## II. MOTION TO CONSOLIDATE

In light of the above order remanding the present case to state court, the motion to consolidate this case with *Jennings v. City of El Paso* is denied as moot. It is hoped that the following information will serve useful in bringing the two actions, and potentially others, to an efficient resolution.

In *Jennings*, plaintiffs argued that this Court should remand state claims to state court and stay proceedings on the federal claims. In the present case, defendants argued that this Court should assert jurisdiction over the present claims and combine the two actions. Neither action is appropriate. A defendant has a statutory right to defend its case in federal court and this Court may not hear claims falling outside its statutorily defined jurisdiction.

With that said, this Court would envision the following solution to the problem. The claims in the present case and *Jennings* are markedly similar, differing not in the factual allegations but more in the causes of action asserted. As such, the parties could stipulate to a dismissal to either the state or federal action or actions and agree to file an amended complaint adding a party or parties and the federal cause of action. It is without question that state courts

3

have concurrent jurisdiction over § 1983 claims, *Howlett v. Rose*, 496 U.S. 356, 358 (1990), and likely would have jurisdiction over § 1981 claims, *Wade v. City of Pittsburgh*, 765 F.2d 405, 408 n.1 (3d Cir. 1985). It is further without question that amending the present complaint to include a federal claim would cure the jurisdictional issues inherent in this case, thereby affording a jurisdictional basis to hear the present claims.

Defendants have, on several occasions, provided copies of Judge Martinez's order of dismissal in *Reyes v. City of El Paso*, EP-02-CA-102(PRM). It is worth noting that Judge Martinez's order has res judicata and collateral estoppel value only to the named plaintiff or plaintiffs to that proceeding, and would be considered persuasive but not precedential to similar issues in either this Court or a state court reviewing analogous claims. As such, all claims in *Jennings* will be subject to an independent legal analysis by this Court. Given the present civil docket, this Court would anticipate that the claims in *Jennings* could be scheduled for trial within one year, if a trial is warranted.

The solution for an efficient resolution of all claims is within the power of the parties and will not be dictated by an order of this Court. Plaintiffs cannot unilaterally destroy the jurisdiction of this Court to decide *Jennings*. Defendants, conversely, cannot confer jurisdiction on this Court to hear the claims in the present case. The parties are therefore at an impasse and may join all claims in a single forum only through mutual action.

This Court has no preference as to where plaintiffs' complaints are resolved. It will not, however, tarry long to dismiss complaints of delays attributable to duplicative discovery and inherent inefficiencies in conducting multiple actions when a simple agreement between the parties will resolve the problem. The foregoing serves only to facilitate an efficient resolution to parallel cases in state and federal court. No more need be said on the subject.

## III. MOTIONS FOR CLASS CERTIFICATION AND LEAVE TO FILE AN AMENDED PLEADING

In light of the above decision granting plaintiffs' motion to remand, the motions for class certification and for leave to file an amended pleading are denied for lack of jurisdiction.

## IV. CONCLUSION

Plaintiffs' motion to remand (Doc. No. 4-1) is **granted**. Plaintiffs' alternative motion to stay proceedings on federal claims (Doc. No. 4-2) is **denied as moot**. Defendants' motion to consolidate the present case with *Jennings v. City of El Paso*, EP-03-CV-286(KC) (Doc. No. 2), plaintiffs' motion for class certification (Doc. No. 6) and plaintiffs' motion for leave to file an amended pleading (Doc. No. 18) are **denied for lack of jurisdiction**. The case is hereby remanded to the 346th Judicial District Court. The Clerk shall close the file.

SO ORDERED.

Dated at El Paso, Texas, December 10, 2003.

Kathleen Cardone
United States District Judge